IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RONALD MCCLARY, )
)
        Plaintiff, )
)
v. ) 1:19CV1
)
FNU HAFEZE, et al., )
)
        Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Ronald McClary, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names five correctional officers at Scotland Correctional Institution as Defendants in the case. He alleges that, on 11-21-18, Defendant Hafaze slammed Plaintiff's arm in a trap door, causing scrapes and bruises. Plaintiff claims that Defendant Martinez failed to stop Hafeze from acting in this manner and that Defendant Vanardo did not allow Plaintiff to receive medical treatment. Finally, he alleges that Defendants Barber and Maples tore up administrative grievances filed by Plaintiff concerning the incident, rather than process them as they should have.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint,

or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

For the reasons that follow, the claims against Defendants Hafeze and Vanardo will be allowed to proceed, but the claims against Defendants Martinez, Maples, and Barber should be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

Turning first to the claims against Defendants Hafeze and Vanardo, Plaintiff alleges that Hafeze used unnecessary and excessive force against him, thereby injuring his arm. He also alleges that Defendant Vanardo would not allow Plaintiff to receive medical attention. These allegations, although somewhat bare, are sufficient to state claims against these two Defendants. Therefore, the claims against them will be allowed to proceed.

The claims against the remaining defendants are a different matter. As to Defendant Martinez, Plaintiff alleges that he failed to stop Hafeze from shutting Plaintiff's arm in the trap door. However, he sets out no facts to allow a conclusion that Martinez had the power, opportunity, or authority to stop Hafeze. It may be that such facts exist. However, Plaintiff does not set them out in his current Complaint and his claim against Martinez should be dismissed.

As for Defendants Maples and Barber, Plaintiff alleges that they refused to process administrative grievances he filed. The alleged obstruction of Plaintiff's grievances does not state any claim for relief under § 1983 because there is no substantive due process right to a prison grievance procedure. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State). Therefore, Plaintiff fails to state a claim against Defendants Maples

and Barber and the claims against them should be dismissed. Only the claims against Defendants Hafeze and Vanardo should be allowed to proceed.

Turning now to Plaintiff's request to proceed *in forma pauperis*, he had $8.00 deposited into his prison trust account in the past six months and § 1915(b)(1) requires that he make an initial payment of $0.27. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that Plaintiff in the above-named action be, and is hereby, permitted to file and prosecute said action in this Court without prepayment of fees or giving security therefor, subject to the conditions set forth below.

IT IS FURTHER ORDERED that, as a condition of Plaintiff's proceeding *in forma pauperis*, Plaintiff shall, within sixty (60) days after the date of this Order, submit to the Clerk an initial payment of $ 0.27, which represents 20% of the greater of the average monthly deposits into or the balance in Plaintiff's account for the 6-month period immediately preceding filing of this complaint.

FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.

IT IS FURTHER ORDERED that, as a condition of Plaintiff's proceeding *in forma pauperis*, Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of March of 2019, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:19CV1, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina.  In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution.  A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons be stayed until Plaintiff has either (1) submitted to the Court the initial payment noted above, or (2) in the alternative has submitted a motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for the initial payment noted above for the 60-day period.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted as to Defendants Martinez, Maples, and Barber, but allowed to proceed as to Defendants Hafeze and Vanardo.

This, the 5th day of February, 2019.

_____
Joe L. Webster
United States Magistrate Judge